June 18, 2015

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

      Re:    *In re Foreign Exchange Benchmarks Antitrust Litigation*, 13 Civ. 7789 (LGS) (the "FX Benchmark Action"); *Taylor, et al.* v. *Bank of America Corporation, et al.*, 15 Civ. 1350 (LGS) ("*Taylor*"); *Sterk, et al.* v. *Bank of America Corporation, et al.*, 15 Civ. 2705 (LGS) ("*Sterk*"); *Bakizada* v. *Bank of America Corporation, et al.*, 15 Civ. 4230 (LGS) ("*Bakizada*" and, together with *Taylor* and *Sterk*, the "FX Futures Actions"); *Allen* v. *Bank of America Corporation, et al.*, 15 Civ. 04285 (LGS) ("*Allen*")

Dear Judge Schofield:

      On behalf of the undersigned defendants in the above-referenced matters, we respectfully file this letter in response to Your Honor's orders of April 20, 2015 and June 12, 2015, permitting defendants to explain their position regarding the issues raised in the *Taylor* plaintiffs' letter of April 15, 2015 and the *Sterk* plaintiffs' letter of April 17, 2015 and possible consolidation of the above-referenced cases.  We also write in response to the FX Benchmark Action plaintiffs' letter of June 12, 2015 regarding consolidation of the FX Futures Actions with the FX Benchmark Action.

      The FX Futures Actions seek to represent similar proposed classes of individuals or entities that transacted in FX futures or options on FX futures by way of exchanges, rather than directly with defendants.  By their letters of April 15 and 17 respectively, plaintiffs in *Taylor* and *Sterk* advocate consolidating the two actions, and the appointment of their respective counsel as interim class counsel in any such consolidated FX Futures action.  Plaintiffs in *Taylor* and *Sterk* also advocate the pre-trial coordination of their FX Futures Actions with the FX Benchmark Action that is currently pending on behalf of a purported class of individuals or entities that traded FX instruments directly with defendants.  A third FX Futures Action, *Bakizada* was filed on June 2, 2015.  The parties are not yet aware of the *Bakizada* plaintiff's position with respect to consolidation of the FX Futures Actions, appointment of interim class counsel, and coordination with the FX Benchmark Action.[1]

---

[1]     The undersigned defendants also note that *Teel* v. *Bank of America Corporation, et al.*, 15 Civ. 4436, which raises FX future-related claims, was filed on June 9, 2015 and has been accepted as related to the FX Benchmark Action.  The undersigned defendants are not named in *Teel*, which instead names as defendants those financial institutions that have publicly disclosed resolutions of government investigations into FX-related matters.

In their letter of June 12, plaintiffs in the FX Benchmark Action contend that the FX Futures Actions should be consolidated with their action and that the requests for appointment of separate interim class counsel for a consolidated FX Futures Action should be denied. The FX Benchmark Action plaintiffs assert in their letter (at 1) that "there is a single conspiracy to fix and manipulate FX pricing" and "[t]here is no evidence to date that supports the existence of a separate conspiracy to fix or manipulate the price of" futures or other exchange-traded FX instruments. They claim (at 2) that the proposed classes in the FX Benchmark and Futures Actions significantly overlap. And, they state (at 2) that the settlements reached to date with certain defendants in the Benchmark Action cover the exchange-based claims raised by the FX Futures Actions.[2]

The undersigned are not among the defendants who have reached settlements of the FX Benchmark Action. And they certainly dispute that the Benchmark plaintiffs have made allegations to date supporting their bald assertion that there was "a single conspiracy to fix and manipulate FX pricing," if, by that, the Benchmark plaintiffs mean the existence of a single conspiracy covering all FX markets and dealers.[3] The undersigned also believe that there are significant issues related to certifying a class in this matter.

Nevertheless, at this stage, and without prejudice to any position they may take on class certification, the undersigned defendants agree that for purposes of efficiency and to avoid unnecessary multiple filings there should, at a minimum, be a single FX Futures action, consolidating all such complaints. The Court could then set a single schedule for briefing on and dealing with defendants' anticipated motion to dismiss the consolidated FX Futures action.

The undersigned defendants currently oppose consolidation of the *claims* in the FX Futures Actions with the *claims* in the existing complaint in the FX Benchmark Action. Although there may be some overlap between the proposed classes in the FX Futures Actions and the FX Benchmark Action, as members of the proposed FX Benchmark class may also have transacted in FX futures or options on FX futures, the FX Futures Actions' claims concern a market — exchange-based futures and options trading — very different from the spot market at issue in the FX Benchmark Action. The FX Futures Actions' claims also raise particular issues

---

[2] In a separate letter dated June 12, the plaintiffs in the FX Benchmark Action request a pre-motion conference to seek leave to file a motion to file a Second Amended Consolidated Class Action Complaint. In that letter, the FX Benchmark plaintiffs state that they will add plaintiffs and claims covering the exchange-based FX futures market. The proposed complaint is not attached. The undersigned defendants will separately file a response to this second letter per the Court's order of June 16, 2015.

[3] In that regard, it is worth noting that while some of the settling defendants also recently pleaded guilty to antitrust conspiracy, the plea agreements filed in each case alleged a discrete conspiracy involving particular employees at each pleading bank, not including the undersigned. Far from alleging a single market-wide conspiracy, the agreements set forth that the conspiracy involved a particular currency pair (Euro/U.S. dollar), that membership to the conspiracy was controlled with not all market participants being invited to join the exclusive chat room by which it allegedly operated, and that the conspiracy lasted for a discrete period of time. *See, e.g.*, Plea Agreement at 3-7, *United States* v. *Barclays PLC*, No. 3:15-cr-00077-SRU (D. Conn. May 20, 2015).

of antitrust law related to the derivative nature of the futures markets that were not decided by this Court in its ruling on the motion to dismiss in the FX Benchmark Action. In addition, the FX Futures Actions also bring fraud-based claims under the Commodity Exchange Act, which requires, among other things, a pleading that satisfies Rule 9(b). The undersigned defendants, therefore, believe the FX Futures Actions should be thoroughly and separately tested at the pleadings stage. Issues of class overlap, however, may need to be addressed at a later stage.

Should the Court grant the FX Benchmark Action plaintiffs' motion for leave to file a second amended complaint that includes futures claims, however, the undersigned defendants believe that, based on the representations in the June 12 letter of the FX Benchmark plaintiffs, the newly amended complaint in the FX Benchmark Action would likely encompass many of the currently distinct issues presented in the FX Futures Actions. Under those circumstances, the undersigned defendants would not be opposed to consolidation of the claims in the FX Futures Actions with the claims in the FX Benchmark Action as amended.

The undersigned defendants agree that pre-trial coordination of any FX Futures Action with the FX Benchmark Action is appropriate, subsequent to a ruling on a motion to dismiss, regardless of whether plaintiffs in the FX Benchmark Action are granted leave to file an amended complaint covering futures-related claims.

The undersigned defendants are not yet aware of the *Allen* plaintiffs' position with respect to consolidation or coordination. The *Allen* complaint, purportedly brought on behalf of participants and beneficiaries of ERISA plans, asserts claims under ERISA that defendants became fiduciaries to certain plans as a result of providing FX-related services. It has been accepted as related to the FX Benchmark Action. Given the distinct nature of these claims, however, we do not believe that *Allen* should be *consolidated* with any of the other pending cases. But we do not oppose pre-trial *coordination* of *Allen* with any of the pending cases if the *Allen* action survives a motion to dismiss to be briefed on the schedule to be set by the Court.

The undersigned defendants take no position on the selection of interim class counsel for plaintiffs in the FX Futures Actions or *Allen* action.

*   *   *

The foregoing letter is respectfully submitted on behalf of:

CAHILL GORDON & REINDEL LLP

By: /s/ David G. Januszewski
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com

*Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

KIRKLAND & ELLIS LLP

By: /s/ Joseph Serino, Jr.
Robert Khuzami
Joseph Serino, Jr., P.C.
Eric F. Leon, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
robert.khuzami@kirkland.com
joseph.serino@kirkland.com
eric.leon@kirkland.com

G. Patrick Montgomery (*pro hac vice*)
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
patrick.montgomery@kirkland.com

*Attorneys for Defendant Deutsche Bank AG*

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/ Jonathan M. Moses
Jonathan M. Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
JMMoses@wlrk.com
BRWilson@wlrk.com
KDCole@wlrk.com

*Attorneys for Defendants Morgan Stanley and Morgan Stanley & Co. LLC*